STARK.
June, 1816.

Prouse
v.
Painter.

---

## PROUSE vs. PAINTER.

### DEBT, ON AN ARBITRATION BOND.

An award of damages, costs and mutual releases, is decisive of an action at law submitted to arbitrators.
What is agreed by the parties need not be considered by the arbitrators.

PLEA—No award made.

Replication—Setting forth an award as follows, viz.: "Canton, Dec. 3, 1814. We, the undersigned, being called upon as arbitrators, to settle a dispute submitted to us, between John Prouse, plaintiff, and Jacob Painter, defendant; that whereas the said John complains that the said Jacob has unlawfully detained a set of potter's tools, for the space of nine months past, after having fully examined and duly considered the proofs and allegations of both of the said parties, do award as follows, viz.: First. That the said Painter pay the said Prouse twenty-five dollars in cash, against the 25th day of this instant. And we do also award and order, that the said Painter pay all costs that has

accrued on a suit commenced before the court of common pleas, of February term last, for the potter's tools aforesaid, which suit was appealed, by said Painter, to the supreme court. And we do further award and order, that the parties shall, jointly, pay the costs of this present arbitration; and lastly, that the said John Prouse and Jacob Painter, on the receipt of the several sums of, &c., shall, in due form of law, execute each to the other, or the other's use, general releases, sufficient in law for the releasing each other of them, his heirs, &c., touching the premises," &c.

STARK.
June, 1816.

Prouse
*v.*
Painter.

General Demurrer.

HALLOCK, for plaintiff.

GOODENOW, for defendant.

PRESIDENT.—Three objections are made to this award:

1st. It is said that this was a submission of a suit in court, and that the award does not decide it.

2d. That it is too uncertain, because the costs of the arbitration are awarded.

3d. That the possession of the tools remains undecided.

It appears that an action of *Detinue* had been commenced by Prouse against Painter, for a set of potter's tools. While it was depending on an appeal to the supreme court, the parties submit the cause to arbitration; the arbitrator's award, that Painter shall pay Prouse 25 dollars, (to recover which this suit is brought) and all the costs of the suit; and that, on the money being paid, they shall execute general releases. If this award does not decide the action of Detinue, I do not see how an award can be so framed as to decide a suit at law. As to the 2d objection; it is not necessary to decide whether arbitrators may, or may not, award the costs of arbitrating, as those costs are not claimed here, and as an award, although bad in some one particular, may be good as to the other matters awarded.

As to the 3d objection: it appears, by the arbitration bond set forth in the declaration, that Painter had delivered back the tools to Prouse, at the time of the submission. The possession of the tools was a point then no longer in dispute between them, it would not, therefore, be within the submission; surely it was not necessary to decide what had been settled by the parties.

Demurrer overruled, and judgment for the plaintiff.